IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RITA J. CINDRICH,** | : | CIVIL ACTION NO. 1:03-CV-2282 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **MICHAEL FISHER**, et al., | : | |
| | : | |
| **Defendants** | : | |

### <u>ORDER</u>

AND NOW, this 10th day of February, 2006, upon consideration of the report of the magistrate judge (Doc. 42), recommending the granting of summary judgment in favor of defendants on plaintiff's First Amendment retaliation claim, to which objections were filed,[1] and, following an independent review of the record,

---

[1] Plaintiff's former counsel initially filed objections. (See Doc. 47.) After plaintiff began representing herself in September 2005, the court permitted plaintiff to file amended objections to the magistrate judge's report, *limited solely to the issues raised in the report*. (See Docs. 53, 61.) The prior orders of court did not permit plaintiff to supplement the record with additional evidence. Plaintiff's "amended objections" consisted of a document entitled "Declaration in the Matter of the Petition of Rita Cindrich" and numerous documents not in the record before the magistrate judge. (See Docs. 62, 64.) The declaration (Doc. 62) consists of fifty-four pages of a factual narrative and does not identify specific portions of the magistrate judge's proposed findings to which she objects. See L.R. 72.3 ("[W]ritten objections . . . shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections."). The declaration is but one example of plaintiff's numerous, belated attempts to supplement the record in opposition to the motion for summary judgment. (See Docs. 52, 70, 75.) The court will consider plaintiff's declaration only to the extent that it complies with local rules, see, e.g., L.R. 72.3, and prior orders of court (see Docs. 53, 61). The court will also consider the objections filed by plaintiff's former counsel. (See Doc. 47.)

the court finding that plaintiff's interest in speaking on a matter of public concern is outweighed by the resulting injury to her employer, see Green v. Phila. Hous. Auth., 105 F.3d 882, 885 (3d Cir. 1997) (stating that the public interest of an employee's speech may not be outweighed by the injury to the employer caused by the speech); see also Swineford v. Snyder County Pa., 15 F.3d 1258, 1272-73 (3d Cir. 1994) (upholding dismissal of First Amendment retaliation claim when an employee's speech severely disrupts office efficiency and includes allegations of employer misconduct that are not supported by sufficient evidence); Versarge v. Township of Clinton N.J., 984 F.2d 1359, 1366 (3d Cir. 1993) (noting that an employer is injured where the speech "ha[d] a detrimental impact on close working relationships for which personal loyalty and confidence are necessary" (quoting Rankin v. McPherson, 483 U.S. 378, 388 (1987))), and it appearing that the complaint includes state law claims—intentional infliction of emotional distress, civil conspiracy, and false representations (see Doc. 1 at 8), but that neither party has addressed whether the court's retention of supplemental jurisdiction over these claims would be justified, see 28 U.S.C. § 1367(c)(3) ("The district court[] may decline to exercise supplemental jurisdiction over a [state law] claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction."); see also Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations

of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.") (emphasis added), quoted in Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000), it is hereby ORDERED that the report of the magistrate judge (Doc. 42) is ADOPTED as follows:

1. Defendants' motion for summary judgment (Doc. 29) on plaintiff's First Amendment retaliation claim is GRANTED.  See FED. R. CIV. P. 56(c).

2. The Clerk of Court is directed to defer the entry of judgment in favor of defendants and against plaintiff until the conclusion of this case.

3. The above-captioned case is REMANDED to the magistrate judge for a determination of whether the court should exercise supplemental jurisdiction over the remaining state law claims.  See 28 U.S.C. § 1367(c)(3); see also Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995).

    /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge