UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


RITA J. CINDRICH,              :    **CIVIL NO. 1:03-CV-2282**
                               :
            Plaintiff          :    (Judge Conner)
                               :
        v.                     :    (Magistrate Judge Smyser)
                               :
MICHAEL FISHER,                :
THOMAS L. PALMER,              :
MARK A. PACELLA,               :
ALEXIS BARBIERI and            :
DONALD P. MINAHAN,             :
                               :
            Defendants         :


### REPORT AND RECOMMENDATION


        The plaintiff, Rita J. Cindrich, commenced this action
by filing a complaint on December 15, 2003.  The defendants are
Michael Fisher, Thomas L. Palmer, Mark A. Pacella, Alexis
Barbieri, and Donald P. Minahan.  The plaintiff was a lawyer in
the Charitable Trusts Section of the Office of Attorney General
of Pennsylvania.  The defendants were the plaintiff's superiors
within the Office of Attorney General.  The plaintiff claims
that the defendants retaliated against her because of her
speech.


        By a Report and Recommendation filed on June 28, 2005,
the undersigned recommended that the defendants' motion for
summary judgment be granted and that the case file be closed.
By an Order filed on February 10, 2006, Judge Conner adopted

the Report and Recommendation in part.  Judge Conner granted
the defendants' motion for summary judgment on the plaintiff's
First Amendment retaliation claim.  However, rather than close
the case, Judge Conner remanded that case to the undersigned
for a determination of whether the court should exercise
supplemental jurisdiction over the plaintiff's state law
claims.

        By an Order dated February 13, 2006, the parties were
ordered to show cause, if there is cause, why the court should
not decline to exercise supplemental jurisdiction over the
remaining state law claims.  None of the parties have responded
to the show cause order.

        Whether to exercise supplemental jurisdiction
is within the discretion of the court.  Subsection (c) of 28
U.S.C. § 1367 provides that district courts may decline to
exercise supplemental jurisdiction over a state law claim if
the district court has dismissed all claims over which it has
original jurisdiction.  When deciding whether to exercise
supplemental jurisdiction, "a federal court should consider and
weigh in each case, and at every stage of the litigation, the
values of judicial economy, convenience, fairness, and comity."
*City of Chicago v. International College of Surgeons*, 522 U.S.
156, 173 (1997)(quoting *Carnegie-Mellon Univ. v. Cohill*, 484
U.S. 343, 350 (1988)).  The Third Circuit has held that "where
the claim over which the district court has original
jurisdiction is dismissed before trial, the district court must

2

decline to decide the pendent state claims unless
considerations of judicial economy, convenience, and fairness
to the parties provide an affirmative justification for doing
so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)(quoting
*Borough of West Miflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir.
1995)).

Judicial economy will not be undermined by the court
refusing to exercise supplemental jurisdiction over the
plaintiff's state law claims.  Although this case has been
pending since December of 2003, the court has not been
presented with a motion addressing the state law claims.
Discovery, however, is complete.  If the court declines to
exercise supplemental jurisdiction and dismisses the state law
claims for lack of jurisdiction, pursuant to 42 Pa.C.S.A.
§ 5103(b) the plaintiff can "transfer" those claims to a
Pennsylvania court.  Pursuant to 42 Pa.C.S.A. § 5103(b), the
plaintiff may file the pleadings from this case in the state
court and the case will proceed from there.

Convenience does not provide a reason for the court to
exercise supplemental jurisdiction over the state law claims.
There is no indication in the record that there is any reason
why it would be substantially less convenient for any of the
parties to address the state law claims in a state court rather
than in this court.

Fairness also does not provide a reason for the court to exercise supplemental jurisdiction over the state law claims.  As indicated above, pursuant to 42 Pa.C.S.A. § 5103(b) the plaintiff may pursue her state claims in state court.

In this case considerations of judicial economy, convenience, and fairness to the parties do not provide an affirmative justification for exercising supplemental jurisdiction over the state law claims.  Accordingly, it will be recommended that the court decline to exercise supplemental jurisdiction over the state law claims and that those claims be dismissed.

Based on the foregoing, it is recommended that the court decline to exercise supplemental jurisdiction over the plaintiff's state law claims and that those claims be dismissed.[1]

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  March 20, 2006.

---

[1]We note that the plaintiff has filed a motion for reconsideration of the court's order granting the defendants' motion for summary judgment on her First Amendment claim.  In the event that the court grants the plaintiff's motion for reconsideration and concludes that the plaintiff still has a viable federal claim, the court, of course, should continue to exercise supplemental jurisdiction over the plaintiff's state law claims.

4