IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RITA J. CINDRICH,** | : | CIVIL ACTION NO. 1:03-CV-2282 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **MICHAEL FISHER, et al.,** | : | |
| **Defendants** | : | |

### ORDER

AND NOW, this 6th day of April, 2006, upon consideration of *pro se* plaintiff's motion for reconsideration (Doc. 80), in which plaintiff avers a manifest injustice, presents new evidence, and avers a manifest error of law in the order of court dated February 10, 2006 (Doc. 78), which granted defendants' motion for summary judgment (Doc. 29) on plaintiff's First Amendment retaliation claim, see Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) ("[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds:  (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."); see also Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), and upon further consideration of the report of the magistrate judge (Doc. 84), to which no objections were filed, recommending that the court decline to exercise supplemental jurisdiction over plaintiff's state law claims, see 28 U.S.C. § 1367(c)(3) ("The district court[] may

decline to exercise supplemental jurisdiction over a [state law] claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction."), and it appearing that plaintiff has not presented issues that were overlooked, newly discovered evidence, or clear error of law or fact that would necessitate a different ruling to prevent a manifest injustice, see Max's Seafood Cafe, 176 F.3d at 677, that the new evidence is either irrelevant to the claims in the instant matter or was available to plaintiff during discovery and prior to summary judgment, see Harsco Corp., 779 F.2d at 909 ("Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration."), that the alleged manifest error of law does not address the court's finding that plaintiff's interest in speaking on a matter of public concern is outweighed by the resulting injury to her employer (see Doc. 78 at 2), see Green v. Phila. Hous. Auth., 105 F.3d 882, 885 (3d Cir. 1997) (stating that the public interest of an employee's speech may not be outweighed by the injury to the employer caused by the speech); see also Swineford v. Snyder County Pa., 15 F.3d 1258, 1272-73 (3d Cir. 1994) (upholding dismissal of First Amendment retaliation claim when an employee's speech severely disrupts office efficiency and includes allegations of employer misconduct that are not supported by sufficient evidence); Versarge v. Township of Clinton N.J., 984 F.2d 1359, 1366 (3d Cir. 1993) (noting that an employer is injured where the speech "ha[d] a detrimental impact on close working relationships for which personal loyalty and confidence are necessary" (quoting Rankin v. McPherson, 483 U.S. 378, 388 (1987))), and that considerations of judicial economy, convenience, and fairness

to the parties do not support retention of jurisdiction over the remaining state law claims, see Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."), quoted in Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000), it is hereby ORDERED that:

1. The motion for reconsideration (Doc. 80) is DENIED.

2. The report and recommendation of the magistrate judge (Doc. 84) is ADOPTED.

3. Plaintiff's state law claims of intentional infliction of emotional distress, civil conspiracy, and false representations are DISMISSED without prejudice for lack of jurisdiction. See 28 U.S.C. § 1367(c).

4. The Clerk of Court is directed to CLOSE this case.

   /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge