# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RITA J. CINDRICH**, | : | **CIVIL ACTION NO. 1:03-CV-2282** |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **MICHAEL FISHER**, *et al.*, | : | |
| Defendants | : | |

## **ORDER AND JUDGMENT**

AND NOW, this 20th day of January, 2010, upon consideration of *pro se* plaintiff's motion (Doc. 99) for review of costs, wherein plaintiff contests the clerk's December 1, 2009 judgment (Doc. 97) taxing costs against her in the amount of $4,512.07, argues that a taxation of costs is inappropriate because a final judgment has not been entered in the above-captioned matter, (see Doc. 99 ¶ 23), and requests that the court alter or amend judgment as a consequence of plaintiff's recent discovery of new evidence, (see id. ¶¶ 26-29), and it appearing that the court entered final judgment on all claims in the above-captioned matter on April 6, 2006, (see Doc. 85), and that the Third Circuit Court of Appeals affirmed the court's ruling and issued a mandate thereon on August 3, 2009, (see Doc. 95); Cindrich v. Fisher, Nos. 06-2615, 07-2969, 2009 WL 1950073 (3d Cir. July 8, 2009), and it further appearing that plaintiff's "new evidence" refers to an event that allegedly occurred in 2003 and which plaintiff purportedly recalled after "a flashback of traumatic events" on December 7, 2009, (see Doc. 99 ¶ 6), that the court may alter or amend a judgment when a party presents newly discovered evidence that, with reasonable diligence,

could not have been discovered in the first instance, see FED. R. CIV. P. 60(b), that a motion under Rule 60(b) must be made within a reasonable time, see FED. R. CIV. P. 60(c) (explaining that a motion under Rule 60(b)(2) must be made within one year of the entry of final judgment), and that the presentation of plaintiff's "newly discovered evidence" is therefore untimely, and it further appearing that plaintiff's motion (Doc. 99) for review of costs was filed fourteen days after entry of the clerk's judgment (Doc. 97) taxing costs against her, that a motion for review of costs must be filed within seven days after the entry of judgment, see FED. R. CIV. P. 54(d)(1), and that plaintiff's motion (Doc. 99) for review of costs is also untimely, and the court noting that Federal Rule of Civil Procedure 54(d)(1) creates a strong presumption that costs are to be awarded to the prevailing party, see In re Paoli Yard PCB Litig., 221 F.3d 449, 462 (3d Cir. 2000), and that plaintiff has not contended that she is indigent or unable to pay the costs taxed,[1] see id. at 463 (setting forth factors for the court's consideration, including a losing party's indigence or inability to pay), and the court further noting that costs "for printed or electronically recorded transcripts necessarily obtained for use in the case" are taxable pursuant to 28 U.S.C. § 1920, that $4,403.64 of the costs imposed herein were the direct costs incurred by defendants for the reproduction of deposition transcripts necessary to defense of the case, (see Doc. 86); see also Adams v.

---

[1] Plaintiff also did not prosecute the above-captioned matter *in forma pauperis*. Even if she had, however, "statutes permitting in forma pauperis proceedings provide indigent litigants an opportunity to litigate their claims; they ordinarily do not relieve them from eventual payment of costs." Lindsey v. Vaughn, No. Civ. A. 93-2030, 2001 WL 1132409, at *2 (E.D. Pa. Sept. 24, 2001).

Teamsters Local 115, Civ. A. No. 99-4910, 2007 WL 2071897, at *8 (E.D. Pa. July 17, 2007) (explaining that depositions need only "appear reasonably necessary to the parties in light of the particular situation existing at the time they were taken"); Fitchett v. Stroehmann Bakeries, Inc., No. Civ. A. 95-284, 1996 WL 47977, at *4 (E.D. Pa. Feb. 5, 1996) (holding that "[d]epositions used in support of a motion for summary judgment are necessarily obtained for use in a case"); cf. Morgan-Mapp v. George W. Hill Corr. Facility, Civ. A. No. 07-2949, 2009 WL 1035141, at *2 (E.D. Pa. Apr. 16, 2009) (rejecting imposition of costs for depositions taken merely to acquire background information), and that the remainder of costs imposed—for copying charges and docket fees—are expressly permitted under 28 U.S.C. § 1920, it is hereby ORDERED that:

1. Plaintiff's motion (Doc. 99) for review of costs is CONSTRUED as a motion to appeal the taxation of costs and to alter and amend judgment, and is DENIED as construed.

2. The Clerk's taxation of costs (Doc. 97) is AFFIRMED.

3. JUDGMENT is entered for defendants in the amount of $4,512.07.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge